Daniel Lee Willbanks, Esq. Village Attorney, Carthage
I am writing in response to a request from your office for an Attorney General's opinion as to the notice requirements for municipal annexations.
The procedure for municipal annexation* is set forth in article 17 of the General Municipal Law. The annexation procedure is commenced by a petition which describes the territory to be annexed and sets forth the approximate number of inhabitants (General Municipal Law, § 703[1]). The petition must be signed by either 20% of the electors residing within the territory, or by the owners of a majority in assessed valuation of the real property in the territory (ibid.). The authenticated petition is then presented to the governing boards of the municipalities affected by the annexation for action (ibid.).
Within 20 days of its receipt of the petition, the governing boards are required to publish a notice of the proposed annexation in their official newspapers and to notify each owner of land and qualified voter in the proposed annexed territory of the petition (id., § 704[1]). This notice must contain, inter alia, the time and place of a public hearing on the subject of the annexation to be held between 20 and 40 days from the publication of notice of the proposed annexation (ibid.).
Subdivision 2 of section 704 also requires that notice be given to the governing body of a fire district or other district corporation which is situated wholly or partly in the territory to be annexed. The notice is to be given no later than ten days prior to the date of the hearing (id., § 704[2]).
In the event that an affected local government fails to meet the notice requirements of subdivisions 1 or 2, subdivision 3 of section 704 gives any of the other affected governments authority to publish and mail the notice on their behalf:
 "In the event that any affected local government shall fail to publish and mail such notice as required by subdivision one of this section or in the event that the town board of a town shall fail to cause copies thereof to be mailed as required by subdivision two of this section, the governing board or boards of any other affected local government or governments, if it or they deem it to be desirable, may, during an additional twenty days following the forty day period now provided in subdivision one of this section, amend and republish its or their notices and, on behalf of such local government, town board, or both, publish and mail such notices" (id., § 704[3] [emphasis supplied]).
Your question concerns the 20-day period during which one of the local governments may provide notice on behalf of another, noncomplying local government. Specifically, you have asked whether the 40-day period referred to in subdivision 3 is meant to encompass the 20 days between the receipt of the petition and publication of notice together with the 20 days which must pass after publication before a hearing can be held. In the alternative, you have asked whether the additional 20 days are to be added after the fortieth day referred to in subdivision 1: the hearing is to be held "not less than twenty nor more than forty days after publication and mailing of such notice" (id., § 704[1]).
In our view, the 20-day period in which a municipality may publish and mail notice on behalf of another municipality begins when the 40-day period following publication and mailing ends. This is the only 40-day period referred to in subdivision 1. The two 20-day periods operate independently of one another, and may overlap, causing the total elapsed time to be less than 40 days. For example, the municipality has 20 days from receipt of petition to publish and mail notice. They may comply with this provision in less than 20 days. The 20 days which must elapse before a hearing can be scheduled runs from the date of publication and mailing, not from the twentieth day after receipt of the petition. These two 20-day periods, therefore, being independent of each other, do not necessarily add up to 40 days.
Furthermore, the remedial provision applies in like terms to failures to comply with the notice requirements for residents/landowners and district corporations in towns. Notice to district corporations, however, is not due until ten days prior to the hearing date (id., § 704[2]). The 20 day remedial period provided by the statute, therefore, logically can only run from the forty days following the initial issuance of notice.
Finally, we note that in the event that a governing board desires to give notice on behalf of another municipality, it would also be necessary for them to re-notice the residents and landowners in the municipality inasmuch as the old hearing date would be ineffective (see, id., § 705[1]).
We conclude that a municipality giving notice of an annexation to residents and owners of land in another municipality on behalf of that other municipality pursuant to the provision of section 704(3) of the General Municipal Law may do so within 20 days following the fortieth day after the municipality gives notice to its own residents.
* Defined in the General Municipal Law in the following way:
 "An alteration of the boundaries of a county, city, town or village which has the effect of adding territory to it. Such term shall not include the creation or dissolution of a county, city, town or village, or the consolidation of two or more counties, two or more cities, two or more towns or two or more villages, respectively, or the diminution of the area of a village pursuant to section 18-1804
of the village law" (General Municipal Law, § 701[1]).